UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| APRIL SERILOH JONES, | ) | CASE NO. 1:11 CV 1149 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JANET NAPOLITANO, SEC. OF | ) | |
| HOMELAND SECUR., *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is *pro se* Petitioner April Seriloh Jones's above-captioned Petition for Writ of Mandamus. She asserts this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, 1651, 5 U.S.C. § 701 and she seeks relief pursuant to 8 U.S.C. §2201. Petitioner names Janet Napolitano, Secretary of Homeland Security, Alejandro Mayorkas, Director of Citizenship and Immigration Services (USCIS) and Mark Harken, Field Director, USCIS District Office as Respondents. She seeks an Order compelling Respondents to adjudicate the I-130 Petition for Alien Relative she filed on behalf of her husband, Moumar Diallo.

BACKGROUND

Ms. Jones, a United States citizen currently residing in Columbus, Ohio, filed an Alien Relative Petition, I-130 "on or about _____."[1] She also filed an I-485 application for adjustment of status for her husband with the USCIS.[2] Neither Petitioner nor her husband were ever contacted for an interview.

On an undisclosed date, Mr. Diallo was placed in removal proceedings. Pending notice of an I-130 interview, he has allegedly attended many master calendar hearings in immigration court. Petitioner has written numerous letters, made written inquiries and attempted to secure the assistance of her Congressional representative to determine the status of her husband's application. To date, no notice of an interview or decision has been received. She claims she has exhausted her administrative remedies. Petitioner believes the Respondents have behaved arbitrarily by refusing to act on her case. She asserts they are unlawfully and unreasonably delaying action on her husband's application. Moreover, she claims they are failing to carry out the administrative functions delegated to them by law.

Attached to the Petition are two USCIS documents downloaded from: https://egov.uscis.gov/cris/Dashboard/CaseStatus.do;jsessionid. The documents, identified as "My Case Status," reveal the current case status for "Form I130, Immigrant Petition for Relative, Fiance(e), or Orphan." Neither document contains any party name or case number. Also, the receipt numbers on each document are different. One document states that the case is in Initial Review and was transferred to the Cleveland, Ohio location for processing on June 12, 2002. The second document indicates "Your Case Status: Post-Decision Activity." That case was sent to the Executive

---

[1] No filing date is provided in the petition.

[2] There is no allegation that she awaiting the status on the I-485 application.

Office of Immigration Review on June 4, 2002. The dates and activity strongly suggest the documents address two different cases. There is no indication, however, that either document addresses the status of Petitioner's application.

## WRONG VENUE

Without addressing the merits of this Petition, the Court notes that under the Administrative Procedures Act (APA), a district court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(a). Therefore, at a minimum, this Court would have subject matter jurisdiction to determine whether the respondents have "unlawfully withheld" or "unreasonably delayed" action on the Petitioner's application for adjustment of status. *Jin v. Heinauer*, No. 2:07-cv-0068, 2007 WL 4287657 (S.D. Ohio Dec. 4, 2007); *see Shah v. Hansen*, slip op., 2007 WL 3232353 (N.D.Ohio Oct. 31, 2007). While the APA alone does not provide the Court with an independent basis for subject matter jurisdiction, these sections in conjunction with the federal question statute, 28 U.S.C. § 1331, do provide a sufficient basis for jurisdiction. *See Alkeylani v. Department of Homeland Security*, --- F.Supp.2d ----, 2007 WL 2800380 at *4 (D Conn. Sept. 20, 2007).

Setting aside jurisdiction, the Court finds that venue is improper under 28 U.S.C. § 1391(e). Section 1391 provides that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which ... (3) *the plaintiff resides if no real property is involved in the action*.

28 U.S.C. § 1391(e)(3). Petitioner states she resides in Columbus, Ohio. No real property is involved in this action. As such, venue is improper under § 1391(e).

CONCLUSION

Based on the foregoing, venue is improper. See 28 U.S.C. § 1391. Therefore, this case is hereby TRANSFERRED to the United States District Court for the Southern District of Ohio for all further proceedings. 28 U.S.C. § 1406(a). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 17, 2011                            *s/       James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE